Mr. Chief Justice Frantz
concurring in the result only:
Nomination is not the only talisman of the statute. If the majority opinion implies that C.R.S. ’53, 123-25-13, 123-25-27 (4), and 123-8-26, mean that a candidate be only nominated “from the director district in which [he resides],” I am unable to agree; as I view the statute, a candidate for the office of director of a “director district” must be a resident of said district, must be nominated and elected from said district, and shall upon election represent said district.
C.R.S. ’53, 123-25-27 (4) requires that the candidate “shall be a resident of the director district which he seeks to represent,” and further provides that if he should become “a non-resident of the director district from which elected he shall be deemed thereby to vacate his office.” C.R.S. ’53, 123-8-26, prescribes that “directors shall be elected from the director districts in which they reside. . . .”
To me the statute is plain, and because it is plain, this Court is left no alternative but to declare the statute invalid, as being in contravention of Article IX, Section 15, of the Constitution of this state.
*448 So far as I am concerned, the constitutional provision adverted to is self-executing in respect to the matter of who shall elect directors for a school district. The provision is quoted in the majority opinion, and from it we know that directors are “to be elected by the qualified electors of the district.”
Cook was elected by the qualified electors of the district. His election was in compliance with the constitutional provision, the controlling law.